RECEIVED
IN LAKE CHARLES, LA
JUL 25 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 5:88 CR 50038-02 |
| VS. | : | JUDGE MINALDI |
| JOE ALLAN BOUNDS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Pending before the court are three motions: (1) a Motion for Relief from Judgment [doc.#790] pursuant to Federal Rules of Civil Procedure 60(b)(2), (3), and (6) filed by Joe Allan Bounds ("Bounds") on February 27, 2006, (2) a Motion to Unseal [doc.#791] the Government's Rule 35 motion and the Rule 35 hearing transcript of Deborah Richardson Bounds, and (3) a Motion seeking Production [doc.#795] of all letters between Deborah Richardson Bounds, her counsel, or her representative and the United States Attorney's Office. This Motion also seeks production of a Petition by Deborah Richardson Bounds for a Writ of Mandamus to Compel the United States to File a Rule 35 on her behalf and this Motion also seeks an Evidentiary Hearing [doc.#795] on the issue of whether the testimony of Deborah Richardson Bounds was secretly induced by the United States.

Bounds contends that the Court should reopen his §2255 motion which was denied on July 29, 1997 on the basis of Rule 60(b). However, the Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(2) and (3) is untimely because the Rule provides that such motions must be filed "not more than one year after judgment, order, or proceeding was entered or taken."

A Rule 60(b) motion attacking an underlying conviction is treated as a successive habeas petition.[1] The Rule 60(b) motion will be considered a successive habeas petition if it attacks the Court's resolution of a claim on the merits instead of merely a defect in the integrity of the court's proceeding.[2]

The Fifth Circuit has held that there are several factors to consider in deciding a Rule 60(b)(6) motion, including: (1) whether the motion was made within a reasonable time, (2) whether the movant had a fair opportunity to present his claim or defense, and (3) whether granting relief would be equitable.[3]

Bounds has raised the issue of "fraud on the Court" based on Deborah Richardson Bounds alleged "perjured testimony" in a prior Rule 60(b) motion.[4] Judge Shaw's denial of that motion states that many of the same grounds of relief had been asserted before that in Bounds' §2255 motion.[5]

In a Memorandum Ruling dated March 8, 2004 this Court held that six years was not a reasonable amount of time for a challenge under Rule 60(b)(6).[6] The length of time since judgment and the prior opportunity to present this claim precludes granting the Rule 60(b)(6) motion.

---

[1] Gonzales v. Crosby, 125 S.Ct. 2641, 2646 (2005).

[2] Id. at 2648. See also Mosley v. U.S, 389 F.Supp. 2d 751, 752 (W.D. Tex. 2005) (citing unpublished Fifth Circuit opinion in Schrieber holding that 60(b) motions that reach the merits of a denial of a §2255 should be construed as successive §2255 motions).

[3] Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

[4] Doc.#715

[5] Doc.#716

[6] Doc.#762

Furthermore, the claims in this motion challenge the underlying conviction and must be considered as a successive §2255 motion. The defendant's remedy is to seek leave from the Fifth Circuit to file a subsequent §2255 motion.

On April 20, 2004 this Court denied a motion by the defendant to unseal documents relating to Deborah Richardson Bounds' Rule 35 motion.[7] The Court will not reconsider issues that have already been decided.[8]

The defendant's request for an evidentiary hearing restates the allegations made in his Rule 60(b) motion. The Motion fails to provide a sufficient basis for an evidentiary hearing.

Lake Charles, Louisiana, this 24 day of July, 2006

PATRICIA MINALDI
UNITED STATES DISTRICT COURT

---

[7] Doc.#771

[8] U.S. v. Mendez, 102 F.3d 126, 131 (5th Cir. 1983).